# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ruth Butts, | Civil Action No.: 8:21-cv-01153-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Ruth Butts filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. (ECF No. 1.)

The matter is before the court for review of the Magistrate Judge's Report and Recommendation issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 13.) Specifically, on March 4, 2022, the Magistrate Judge recommended that the court reverse the Commissioner's final decision denying Plaintiff's claim for DIB and remand the matter for further administrative action. (*Id.* at 22.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation, **REVERSES** the final decision of the Commissioner, and **REMANDS** the matter to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

The facts of this matter are discussed extensively in the Report and Recommendation. (*See* ECF No. 13 at 1–2.) The court concludes, upon its own careful review of the record, that the

1

Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts that are pertinent to the analysis of Plaintiff's claims.

On November 7, 2018, Plaintiff filed an application for DIB under Title II of the Social Security Act. (ECF No. 8-5 at 4.) Plaintiff alleged that she became disabled on November 2, 2018. (*Id.*)

On March 30, 2020, an Administrative Law Judge ("ALJ") issued a decision determining that Plaintiff had not been under a disability as defined by the Social Security Act since October 26, 2018. (ECF No. 8-2 at 20.) The ALJ did find that Plaintiff had the severe impairment of osteopenia, but concluded that she did "not have an impairment or combination of impairments that me[]t[] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." (ECF No. 8-2 at 13–16.) The ALJ found that Plaintiff "ha[d] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)" and could perform her "past relevant work as a technical business analyst (insurance industry) and office clerk." (ECF No. 8-2 at 16–20.) On or about April 23, 2020, Plaintiff requested a review of the ALJ's decision by the Social Security Administration's Appeals Council, which request was denied on February 18, 2021. (*Id.* at 2–6.)

Thereafter, Plaintiff initiated the instant action in this court on April 19, 2021, against the Commissioner. (ECF No. 1.) On March 4, 2022, the Magistrate Judge issued the aforementioned Report recommending that the court reverse the Commissioner's decision to deny Plaintiff's application for DIB. (ECF No. 13 at 22.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision if it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Id.* "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58. This court adheres to that responsibility and considers

the record, the Report, and any objections in this case.

### III.  ANALYSIS

A.   <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge addressed Plaintiff's complaint that the ALJ failed to properly evaluate Plaintiff's claims involving fibromyalgia.  (*See* ECF No. 9 at 28–32.)  Upon her review, the Magistrate Judge observed as follows:

> In light of Plaintiff's testimony that Dr. Solomon diagnosed fibromyalgia in 1998 [R. 83], about 20 years prior to the alleged onset date, the ALJ should have reasonably inferred that earlier existing records might show that potential diagnoses other than fibromyalgia were excluded. Despite this possibility and contrary to SSR 12-2p's provisions for addressing cases involving insufficient evidence, the ALJ did not attempt to obtain additional records from Dr. Solomon or any other provider who treated Plaintiff during the period of her fibromyalgia diagnosis.  The ALJ also failed to take any of the other actions specified in SSR 12-2p for resolving the insufficiency in the record.  Because the ALJ did not take any steps to resolve the insufficiency, he did not properly reject the diagnosis of fibromyalgia based on the absence of evidence in the record to show other potential diagnoses were excluded.
>
> . . .
>
> Furthermore, a review of the record does not show that the ALJ adequately considered fibromyalgia at subsequent steps in the evaluation process.

(ECF No. 13 at 19, 20.)  As a result, the Magistrate Judge concluded that the ALJ failed to "adequately consider Plaintiff's fibromyalgia diagnosis under SSR 12-2p and thus that the ALJ's decision [should] be reversed and the case remanded."  (ECF No. 13 at 21.)

B.   <u>No Objections by the Parties</u>

In the docketing text, the parties were advised of their right to file specific written objections to the Report by March 18, 2022.  Plaintiff did not file objections.  The Commissioner filed a Notice of Not Filing Objections to the Report and Recommendation of the Magistrate Judge. (ECF No. 14.)

In the absence of a timely objection to the Magistrate Judge's Report, the court is not

4

required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court conducted a thorough review of the Report and record in this case. The court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Report (ECF No. 13), **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for disability insurance benefits, and **REMANDS** this case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 4, 2022
Columbia, South Carolina